IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ARZELL GULLEY | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-385 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Arzell Gulley, a federal prisoner, proceeding *pro se*, filed a Motion for Psychological Evaluation and Appointment of Counsel (Doc. #1), which was docketed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The Motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Movant is in custody pursuant to a judgment entered in the United States District Court for the Eastern District of Texas in cause number 1:05-CR-51. On June 28, 2006, a jury found Movant guilty of murder and of possessing dangerous weapons with the intent to assault in a federal correctional facility. Movant was sentenced to life imprisonment on October 4, 2006. The judgment was affirmed on appeal. Movant also filed a § 2255 motion, which was denied.

The Motions

Movant states that he spent nearly twenty years in solitary confinement at the Supermax federal prison in Florence, Colorado after his conviction. In January of 2020, Movant was transferred to the Big Sandy penitentiary in Kentucky, where he was assigned to general population.

Movant contends that he should have had a psychological evaluation before he was placed in general population, and that he is having difficulty adjusting to life in general population. Movant requests placement in a state facility, and he requests the assistance of counsel.

Analysis

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Section 2255 does not provide Movant with a basis for relief here because he is not challenging his conviction or sentence. Because Movant's claim that he did not receive a psychological evaluation concerns the conditions of his confinement, not the fact or duration of his confinement, a civil rights action is an appropriate vehicle for raising that claim. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981).

With respect to Movant's request for a transfer to a state prison to serve the remainder of his federal sentence, the court lacks the authority to grant such relief. The Bureau of Prisons is responsible for designating the facility where a federal prisoner's sentence will be served. 28 U.S.C. § 3621; *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. Aug. 18, 2003) (unpublished). Any recommendations the sentencing court makes as to the location of imprisonment are not binding on the Bureau of Prisons. *Antonelli v. Mukasey*, 275 F. App'x 314,

2008 WL 1790380, at *1 (5th Cir. Apr. 18, 2008) (unpublished). Further, inmates do not have a constitutionally-protected right to assignment at a particular prison facility. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996).

Movant has not presented a claim that is cognizable in this court. As a result, Movant's Motion for Psychological Evaluation and Appointment of Counsel should be denied, and this action should be dismissed without prejudice to Movant's ability to file a civil rights action.

Recommendation

The Motion for Psychological Evaluation and Appointment of Counsel should be denied, and this action should be dismissed without prejudice.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law, and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions, and recommendations and from appellate review of the factual findings and legal conclusions accepted

by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 20th day of May, 2022.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE